# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES MAROLD, as Chairman, and BRUCE R. YOUNG, as Secretary, are Trustees of the IBEW Local No. 292 Health Care Plan; MICHAEL TUPPER, as Chairman, and MARTHA HENRICKSON, as Secretary, are Trustees of the Minneapolis Electrical Joint Apprenticeship and Training Trust Fund; and JAMES MAROLD, as Chairman, and BRUCE R. YOUNG, as Secretary, are Trustees of the Electrical Workers Local No. 292 Defined Contribution Plan, and each of their successors, | Civil No. 05-1244 (DWF/JSM) |
| Plaintiffs, | |
| v. | **FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR DEFAULT MONEY JUDGMENT** |
| CABLE TECHNOLOGY SOLUTIONS, INC., d/b/a NIS COMMUNICATIONS, INC., | |
| Defendant. | |

_____

Kathleen M. Loucks, Esq., Gialason & Hunger - Hopkins, counsel for Plaintiff.

Edmund J. Sease, Esq., and Robert A. Hodgson, Esq., McKee Voorhees & Sease, PLC; Rebecca J. Bishop, Esq., Altera Law Group, counsel for Defendant.

_____

This matter was heard before the undersigned on the 14th day of October, 2005. Sean O. Skrypek of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

## **FINDINGS OF FACT**

1.      Plaintiffs filed a Summons and Complaint in this matter on June 23, 2005. Defendant was personally served with the Summons and Complaint in this matter on July 5, 2005.

2. Defendant has failed to file and serve a response or Answer to the Summons and Complaint.

3. Plaintiffs are Trustees and fiduciaries of joint benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, *inter alia,* among other things, health, pension, annuity & 401(k), vacation & holiday benefits to employees doing electrical work in the construction trades, and are maintained for the benefit of workers pursuant to a Collective Bargaining Agreement. All contributions must be made and all reports must be submitted to the receiving agency designated by the Trustees, located at 5100 Gamble Drive, Suite 430, St. Louis Park, MN 55416.

4. Defendant executed a Letter of Assent, agreeing to be bound by the terms of a Collective Bargaining Agreement (a/k/a Limited Energy Agreement) between the Minneapolis, St. Paul and Twin Ports–Arrowhead Chapters, National Electrical Contractors Association and the International Brotherhood of Electrical Workers, Local Union No. 292, A.F.L.-C.I.O.

5. Under the Collective Bargaining Agreement (hereinafter "Agreement"), the employer is required to submit monthly reports containing such information about the employees as the Trustee may require, and pay the fringe benefit contributions on the 15th of the month succeeding the month hours are worked for all hours worked by its employees to the Funds' designated administrator. An employer shall be considered Adelinquent@ for a particular work month if the required report and full payment for that month are not postmarked on or before the 15th day of the following month.

6. Defendant Cable Technology Solutions, Inc. d/b/a NIS Communications Inc. (hereinafter "Defendant") breached its obligations under the Agreement by failing to timely submit the fringe fund reports and pay fringe benefit contributions owing for the month of May

2005. Defendant submitted the fringe fund reports for the month of April 2005, but failed to remit payment for the fringe fund contributions.

    7.    Pursuant to the reports submitted by Defendant, the total amount due for fringe benefit contributions for the months of April 2005 is $1,436.62. To date, the Defendant has failed to pay this amount owing for fringe benefit contributions.

    8.    Upon information and belief, the Defendant ceased operations as of May 6, 2005.

    9.    Under the Agreement, payroll reports are delinquent if not postmarked on or before the 15th day of the following month and are subject to an additional $500.00 per month in liquidated damages, beginning with the second instance in a twelve month period. The total amount due for liquidated damages for the months of April and May 2005 is $1,000.00.

    10.    The Agreement, under which Plaintiffs are established, and ERISA § 502, 29 U.S.C. § 1132, entitle the Plaintiffs to their reasonable attorney fees and costs in the pursuit of delinquent contributions. The attorney fees and costs reasonably incurred by the Plaintiffs in the prosecution of their claims total $1,011.05.

## CONCLUSIONS OF LAW

    1.    Defendant is in default, and Plaintiffs are entitled to Default Judgment.

    2.    Defendant has failed to timely submit the fringe fund reports and pay contributions due to Plaintiffs for the months of May 2005.

    3.    Defendant is obligation to pay to Plaintiffs all fringe benefit contributions including, $1,436.62 for fringe benefit contributions for the month of April 2005.

    4.    Defendant owes $1,000.00 for liquidated damages for the months of April and May 2005.

    5.    Defendant owes $1,011.05 for attorney fees and costs.

## **ORDER**

**IT IS ORDERED**:

1. That Plaintiffs' Motion for Default Judgment is **GRANTED**.

2. That Defendant files the reports for the month of May 2005, if they have not already been submitted, at the offices of Wilson-McShane Corporation, 2850 Metro Drive, Suite 404, Bloomington, Minnesota 55425, correctly identifying hours worked by carpenters pursuant to the Collective Bargaining Agreement within ten (10) days of service of this Order upon them.

3. That Defendant pays to the Plaintiffs the fringe benefit contributions of all the hours reported pursuant to the Court's Order, including the past due $1,436.62 for fringe benefit contributions for the month of April 2005, plus liquidated damages in the amount of $1,000.00 for the months of April and May 2005.

4. That upon the filing of the outstanding report for the month of May 2005 by Defendant with Plaintiffs pursuant to this Order, if Defendant fails to make payments required by this Order, the Plaintiffs may move the Court for an entry of a money judgment in the amount of unpaid contributions, liquidated damages and reasonable attorney fees and costs as shown by Affidavit filed with the Court, and Court shall enter judgment ten (10) days after service of the motion and affidavit on Defendants.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  October 14, 2005                    s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            Judge of United States District Court